# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | |
|---|---|
| LOU LEE, §<br>§<br>*Petitioner*, §<br>§<br>v. §<br>§<br>WARDEN, ERO EL PASO CAMP §<br>EAST MONTANA FACILITY; §<br>PAMELA BONDI, ATTORNEY §<br>GENERAL; KRISTI NOEM, §<br>SECRETARY, U.S. DEPARTMENT OF §<br>HOMELAND SECURITY; TODD M §<br>LYONS, ACTING DIRECTOR OF §<br>IMMIGRATION AND CUSTOMS §<br>ENFORCEMENT; EXECUTIVE §<br>OFFICE FOR IMMIGRATION §<br>REVIEW, DAVID EASTERWOOD, §<br>ACTING DIRECTOR, ST. PAUL §<br>FIELD OFFICE IMMIGRATION AND §<br>CUSTOMS ENFORCEMENT, §<br>§<br>*Respondents*. §| No.  3:26-CV-00407-LS |

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

Petitioner Lou Lee moves for a preliminary injunction and temporary restraining order ("TRO") enjoining Respondents from removing him to Laos. The Court has discretion to grant or deny a TRO based on four elements[1]:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.[2]

---

[1] *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).
[2] *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 only challenges "custody in violation of the Constitution or laws or treaties of the United States."[3] "Federal courts lack jurisdiction over 'claims connected directly and immediately with a "decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders."'"[4] And "[a] request for stay of removal is a challenge to a removal order."[5] The Court therefore lacks jurisdiction to stay removal and **DENIES** Petitioner's motion for a temporary restraining order [ECF No. 16].

      **SO ORDERED**.

      **SIGNED** and **ENTERED** on May 4, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[3] 28 U.S.C. § 2241(c).

[4] *Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026) (quoting *Humphries v. Various Fed. USINS Emps.*, 164 F.3d 936, 943 (5th Cir. 1999)); *see also* 8 U.S.C. § 1252(g) ("[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders under [Chapter 12].").

[5] *Imran v. Harper*, 2025 WL 93131, at *1 (upholding the district court's ruling that it lacked jurisdiction to stay removal despite the petitioner's argument that "his request for a stay of removal 'simply sought to preserve the status quo so the court can address his detention related claim, without interfering or reversing the underlying removal order.'").

2